[Cite as *State v. McCain*, 2019-Ohio-4392.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     18CA0108-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GARY L. MCCAIN | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.     18CR0653 |

DECISION AND JOURNAL ENTRY

Dated: October 28, 2019

TEODOSIO, Judge.

{¶1} Gary McCain appeals from the judgment of the Medina County Court of Common Pleas, committing him to the Warrensville Developmental Center. This Court affirms.

I.

{¶2} Mr. McCain attended a graduation party in the summer of 2018. At least part of the party was outside, and many of the adult guests congregated around a bonfire while several children played nearby. A camping tent had been set up between ten and twenty feet from the bonfire, purportedly for the children to sleep in.

{¶3} According to three adult witnesses who were standing around the bonfire, they heard a child screaming near the tent. They walked over to investigate and observed the victim, a six-year-old boy, emerge from the side of the tent with Mr. McCain following closely behind. The victim was crying and holding his crotch. The victim informed the adults that Mr. McCain

had tried to go down his pants and bite his penis.[1] Mr. McCain did not say anything, and some of the adults led him to the front of the house where his mother was located. The police arrived shortly thereafter.

{¶4} A grand jury indicted Mr. McCain on one count of rape in violation of Revised Code Section 2907.02(A)(1)(b), one count of gross sexual imposition in violation of Section 2907.05(A)(4)(C)(2), and one count of kidnapping in violation of Section 2905.01(A)(4)(C)(1). After a competency hearing, the trial court determined that Mr. McCain was incompetent to stand trial, and that there was not a substantial likelihood that he could be restored to competency within one year. It then held a hearing pursuant to Section 2945.39(A)(2) to determine whether it could retain jurisdiction over Mr. McCain.

{¶5} At the hearing, the three adult witnesses testified as described above, although their testimony differed slightly. For example, one witness testified that the victim stated that Mr. McCain tried to go down his pants, and another testified similarly, but added that the victim stated that Mr. McCain tried to bite his penis. The diagnostic interviewer from Akron Children's Hospital also testified, stating that the victim told her that Mr. McCain bit his penis. Additionally, the forensic scientist who analyzed the DNA samples taken from the victim's body (oral, anal, and penile) and his underwear testified that Mr. McCain's DNA was present on the victim's underwear, but not his body. Lastly, a clinical psychologist testified that Mr. McCain has a moderate intellectual disability, and that he is subject to institutionalization.

{¶6} After the hearing, the trial court found that clear and convincing evidence existed to support the charges for rape and gross sexual imposition, but that clear and convincing

---

[1] The victim did not use the word "penis," but the witnesses understood what the victim meant through his words and gestures.

evidence did not exist to support the kidnapping charge. It then ordered Mr. McCain to be committed to the Warrensville Developmental Center. Mr. McCain now appeals, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE STATE FAILED TO PRESENT CLEAR AND CONVINCING EVIDENCE THAT APPELLANT COMMITTED THE OFFENSE OF RAPE.

{¶7}    In his sole assignment of error, Mr. McCain argues that the State failed to present clear and convincing evidence in support of the rape charge. This Court disagrees.

{¶8}    "In certain instances, R.C. 2945.39 authorizes a trial court to retain jurisdiction over an incompetent defendant and commit him to the care of a treatment facility." *State v. Weaver*, 9th Dist. Medina No. 17CA0092-M, 2018-Ohio-2998, ¶ 9. A court may retain jurisdiction over a defendant if, following a hearing, it determines by clear and convincing evidence that: (1) the defendant committed the charged offense; and (2) the defendant is either "a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order." R.C. 2945.39(A)(2)(a) and (b). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954). "Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990).

{¶9}    Section 2907.02(A)(1)(b), under which Mr. McCain was charged, provides that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person is less than thirteen years of age, whether or not the offender

knows the age of the other person." This statute criminalizes what is commonly known as "statutory rape" and "holds offenders strictly liable for engaging in sexual conduct with children under the age of 13." *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, ¶ 13. Relevantly, "[s]exual conduct" includes fellatio. R.C. 2907.01(A).

{¶10} Mr. McCain argues that there was no evidence of sexual conduct, that he did not have the required mens rea to commit rape, and that there was no evidence that he used, or threatened to use, force. We reject the latter two arguments outright because Section 2907.02(A)(1)(b) criminalizes statutory rape, which requires neither proof of a mens rea nor force.[2] *In re D.S.*, 152 Ohio St.3d 109, 2017-Ohio-8289, ¶ 40 (stating that "there is no mens rea element for the state to prove under R.C. 2907.02(A)(1)(b)"); *In re D.B.* at ¶ 13 (stating that "force is not an element of the offense").

{¶11} Regarding his argument that there was no evidence of sexual conduct, Mr. McCain relies on the fact that the three witnesses who attended the graduation party testified that the victim indicated that Mr. McCain "tried" to go down his pants – which, he argues, is evidence of an attempt, not a completed act – and that they otherwise provided inconsistent testimony. Mr. McCain also points to the fact that, while his DNA was found on the victim's underwear, it was not found on the victim's body.

---

[2] We note that the indictment charges Mr. McCain with rape under Section 2907.02(A)(1)(b). The following language appears beneath that charge: "FURTHERMORE, the offender purposely compelled the victim to submit by force or threat of force." This language appears to reference the sentencing enhancement scheme set forth in Section 2971.03(A)(2), which requires a trial court to sentence a defendant to a term of life imprisonment without parole when the defendant is convicted of rape under Section 2907.02(A)(1)(b), and when the defendant "purposely compelled the victim to submit by force of threat of force." This Court's focus on appeal, however, is on the charged offense: statutory rape under Section 2907.02(A)(1)(b), not the sentencing enhancement scheme under Section 2971.03(A)(2).

**{¶12}** Mr. McCain's argument ignores the testimony of the diagnostic interviewer from Akron Children's Hospital who testified that the victim told her that Mr. McCain bit his penis. Additionally, to the extent that he challenges the credibility of the witnesses, a challenge to credibility sounds in weight, not sufficiency, and Mr. McCain has not developed an argument in that regard. *State v. Sadeghi*, 9th Dist. Wayne No. 14AP0051, 2016-Ohio-744, ¶ 27; App.R. 16(A)(7). Even if he had, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. "As the trier of fact is in the best position to assess matters of credibility, this Court is loath to disturb those determinations on appeal." *Wiseman v. Wiseman*, 9th Dist. Medina No. 13CA0009-M, 2014-Ohio-2002, ¶ 28.

**{¶13}** Further, while the absence of DNA evidence on the victim's body is probative, it is not dispositive. *State v. Martin*, 1st Dist. Hamilton No. C-150054, 2016-Ohio-802, ¶ 22. In these cases, "[t]he trial court has 'broad discretion' as to what to review in making [its] determinations * * *." *Weaver*, 2018-Ohio-2998, at ¶ 28, quoting *State v. Decker*, 10th Dist. Franklin No. 16AP-684, 2017-Ohio-4266, ¶ 30. "By statute, it may consider 'all relevant evidence, including, but not limited to, any relevant psychiatric, psychological, or medical testimony or reports, the acts constituting the offense charged, and any history of the defendant that is relevant to the defendant's ability to conform to the law.'" *Weaver* at ¶ 28, quoting R.C. 2945.39(B). Having reviewed all of the evidence presented, we conclude that the trial court had sufficient evidence before it to satisfy the clear-and-convincing burden of proof. *Schiebel*, 55 Ohio St.3d 71, at 74. Accordingly, Mr. McCain's assignment of error is overruled.

III.

**{¶14}** Mr. McCain's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

THOMAS REIN, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.